UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | ) | CASE NO. 1:16 CV 1198 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DAMON KEITH, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff R. Wayne Johnson filed this *Bivens*[1] action against Sixth Circuit Court of Appeals Judges Damon Keith, John Rogers, and Bernice McDonald. In the Complaint (Doc. # 1), Plaintiff alleges they dismissed his appeal for failure to pay the filing fee in Case No. 16-1269, and did not appoint counsel in Case No. 16-144. He seeks monetary damages.

Plaintiff is currently incarcerated in a Texas federal prison. He indicates in the margin of his Complaint that he filed this case in the Northern District of Ohio because he did not have an address for the Southern District of Ohio. He asks this Court to transfer the case to the United States District Court for the Southern District of Ohio.

A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the District in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Plaintiff acknowledges that venue is not proper. When venue is not proper in the Court in which the case is filed, the action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. Title 28 U.S.C. § 1406(a). In this case, all of the Defendants are judges, and as such, are absolutely immune from suits seeking damages. For that reason, it would not be in the interest of justice to transfer this matter, and this action is dismissed.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.

*Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Although there are few facts in the Complaint, dismissing appeals for failure to pay the filing fee and denying the appointment of counsel are actions that were taken while the Defendants were acting as judges. In addition, the actions were taken in the course of an appeal or a Petition for a Writ of Mandamus, both of which are within the subject matter of the United States Sixth Circuit Court of Appeals. The Judges named as Defendants in this action absolutely immune from suit.

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

                                                  s/ *Dan Aaron Polster*   6/13/2016
                                                  **Dan Aaron Polster**
                                                  **United States District Judge**

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.